UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WASHINGTON,<br><br>        Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>        Defendants. | Case No. 22-cv-02454 BLF (PR)<br><br>**ORDER OF DISMISSAL IN PART WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against an officer at the Salinas Valley State Prison ("SVSP") where he was formerly incarcerated, and against the California Department of Corrections and Rehabilitation ("CDCR"), the State of California, and the Correctional Peace Officers Association union ("CPOA"). Dkt. No. 1. The matter was transferred to this court from the Eastern District on April 21, 2022, Dkt. No. 5, and originally assigned to the Honorable Magistrate Judge Robert M. Illman, Dkt. No. 6. Judge Illman dismissed the complaint with leave to amend. Dkt. No. 11. The matter was subsequently reassigned to the Undersigned on November 3, 2022. Dkt. No. 19. The Court will now conduct an initial

review of Plaintiff's amended complaint.  Dkt. No. 17.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

Judge Illman found that the original complaint stated a cognizable failure-to-protect claim against Defendant Sgt. Howard.  Dkt. No. 11 at 3, citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  Plaintiff was granted leave to amend to attempt to correct the deficiencies of a claim regarding verbal harassment and to provide specific allegations to state a claim against the other named Defendants.  Dkt. No. 11 at 3.

Plaintiff filed another complaint which was construed as an amended complaint.  Dkt. No. 17.  However, this document is identical to the original complaint but missing the original page 6.  *Compare* Dkt. No. 17 with Dkt. No. 1.  Therefore, Plaintiff has not amended any of the deficiencies from the original complaint.

The Court notes that the original and amended complaints allege an equal protection

claim which was not previously addressed. Dkt. No. 17 at 5. Under this claim, Plaintiff alleges Sgt. Howard "held an obvious personal animosity towards [him]" which was "evidenced by his going to the Black inmates and saying untruthfully that [Plaintiff] was a SNY and EOP inmate…." Id.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). A plaintiff alleging denial of equal protection based on race or other suspect classification must plead intentional unlawful discrimination or allege facts that are at least susceptible of an inference of discriminatory intent. *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998). To state a claim for relief, the plaintiff must allege that the defendant state actor acted at least in part because of the plaintiff's membership in a protected class. *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *see also Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc) (claim that alleged harmful treatment but mentioned nothing about disparate treatment was properly dismissed); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000) (per curiam) (holding that "class of one" claim requires only that action be irrational and arbitrary, rather than requiring discriminatory intent).

Plaintiff's allegations are simply insufficient to state an equal protection claim because he fails to identify the protected class of which he is a member and how Defendant discriminated against him because of his membership in that class. He must at least describe similarly situated prisoners who received different treatment than Plaintiff such that Defendant Howard's actions towards him were irrational and arbitrary. Plaintiff shall be given one final opportunity to amend this equal protection claim.

If Plaintiff does not file a second amended complaint in the time provided, this

action shall proceed solely on the failure-to-protect claim against Sgt. Howard.  All other named Defendants shall be dismissed as Plaintiff has failed to allege sufficient facts to state any claim against them.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. The only cognizable claim is against Defendant Howard.  Accordingly, all other Defendants are DISMISSED from this action as there are no cognizable claims against them.  The Clerk shall terminate Defendants CDCR, State of California, and the CCPOA from this action.

2. The amended complaint is **DISMISSED IN PART with leave to amend**.  Within **twenty-eight (28) days** from the date this order is filed, Plaintiff shall file an amended complaint using the court's form complaint to correct the deficiencies described above **solely with respect to the equal protection claim**.  The second amended complaint must include the caption and civil case number used in this order, *i.e.*, Case No. C 22-cv-02454 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on the form in order for the action to proceed.  Plaintiff is reminded that the second amended complaint supersedes the original and amended complaints, and Plaintiff may not make references to either.  Claims not included in the second amended complaint are no longer claims and defendants not named in an second amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**In the alternative**, Plaintiff may file notice in the same time provided that he wishes to proceed solely on the failure-to-protect claim against Defendants Howard and strike all other claims from the amended complaint.

3. **Failure to respond in accordance with this order by filing a second amended complaint in the time provided will result in this matter proceeding solely**

4

on the failure-to-protect claim against Defendant Howard without further notice to Plaintiff. All other claims shall be dismissed with prejudice for failure to state a claim.

**IT IS SO ORDERED.**

Dated: __February 27, 2023____

_____
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend
PRO-SE\BLF\CR.22\02454Washington_dwlta-am.compl

5