UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WASHINGTON,<br><br>  Plaintiff,<br><br> v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION, et al.,<br><br>  Defendants. | Case No. 22-cv-02454 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DENYING REQUEST FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, against an officer at the Salinas Valley State Prison ("SVSP") where he was formerly incarcerated, and against the California Department of Corrections and Rehabilitation ("CDCR"), the State of California, and the Correctional Peace Officers Association union ("CPOA").[1]  Dkt. No. 1.

On February 27, 2023, the Court dismissed the amended complaint, Dkt. No. 17,

---

[1] The matter was transferred to this court from the Eastern District on April 21, 2022, Dkt. No. 5, and originally assigned to the Honorable Magistrate Judge Robert M. Illman, Dkt. No. 6.  Judge Illman dismissed the complaint with leave to amend.  Dkt. No. 11.  The matter was subsequently reassigned to the Undersigned on November 3, 2022.  Dkt. No. 19.

with leave to amend an equal protection claim. Dkt. No. 20. The time to file a second amended complaint has passed without a response from Plaintiff. Accordingly, this matter shall proceed as discussed below.

## DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B. Plaintiff's Claims

The Court found the amended complaint, which was identical to the original complaint but missing the original page 6, stated a cognizable claim against Defendant Sgt. Howard based on failure-to-protect. Dkt. No. 20 at 2-3. The Court granted Plaintiff leave to attempt to state sufficient facts to support an equal protection claim. *Id.* at 3. Plaintiff was advised that failure to file a second amended complaint in the time provided would result in the matter proceeding solely on the failure-to-protect claim against Defendant Howard, and all other claims being dismissed with prejudice for failure to state a claim, without further notice to Plaintiff. *Id.* at 4-5. Plaintiff has failed to respond. Accordingly, the Court shall order this matter served on Sgt. Howard, and all other claims shall be

2

dismissed for failure to state a claim for relief.

## CONCLUSION

For the reasons state above, the Court orders as follows:

1. This action shall proceed solely on the failure-to-protect claim against Sgt. Howard. Accordingly, all other Defendants and claims are DISMISSED with prejudice for failure to state a claim for relief. **The Clerk shall terminate all other Defendants from this action.**

2. **Defendant Sgt. Howard** shall be served at Salinas Valley State Prison.

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 17, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon

each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after

4

Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  __April 14, 2023_____              _____
                                                BETH LABSON FREEMAN
                                                United States District Judge

Order of Svc
PRO-SE\BLF\CR.22\02454Washington_svc